**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DAVID LEE ALLEN                                                   PETITIONER

VS.                         CASE NO. 5:16CV00022 SWW/PSH

WENDY KELLEY, Director of the
Arkansas Department of Correction                      RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

David Lee Allen ("Allen") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Allen is in the custody of the Arkansas Department of Correction ("ADC"), having been convicted of aggravated robbery and possession of a firearm by a convicted felon in connection with the robbing of a convenience store and the shooting of the clerk.  Allen was convicted more than thirty years ago[1].  He was sentenced to life imprisonment for the aggravated robbery, and to a concurrent six year term for being a felon in possession of a firearm.  In his direct appeal, Allen raised seven

---

[1]Allen's first trial ended in guilty verdicts.  On appeal, however, the convictions were reversed due to an error in the exclusion of evidence.  *Allen v. State*, 277 Ark. 380 (1982). Allen's second trial resulted in a hung jury.  The convictions he now challenges were obtained in his third trial.

claims for reversal, none of which were found to have merit. *Allen v. State*, 281 Ark. 1, 660 S.W.2d 922 (1983).

Respondent Wendy Kelley ("Kelley") asserts Allen did not seek Rule 37 relief or, if he did, he did not appeal the denial of Rule 37 relief to the Arkansas Supreme Court. In his petition, Allen does not allege he sought post-conviction relief pursuant to Rule 37. He does, however, point to his pro se filing of a state court petition for writ of habeas corpus in March of 2015. The state petition advanced claims for relief based on assertions of ineffective assistance of counsel, and on Allen's claim that although he was 21 years old, he was a juvenile with diminished capacity and thus not subject to a sentence of life imprisonment without parole. The state circuit court dismissed the habeas petition on April 23, 2015, and Allen filed a motion for reconsideration. The circuit court filed a supplemental order which clarified that its denial of relief was based on the face of the pleadings, and Allen appealed.

The Arkansas Supreme Court affirmed the circuit court's ruling in an opinion dated December 17, 2015.[2] Specifically, the Court found Allen failed to show his judgment of conviction was invalid on its face or that the trial court lacked jurisdiction, the two grounds available for relief in an Arkansas state habeas corpus proceeding. The Court also found that Allen's allegations of ineffective assistance of counsel were not cognizable in a habeas case. *See Allen v. Kelley*, 2016 Ark. 70, 482 S.W.3d 719, 722 (2016). In addition, the Court found no merit in Allen's claim that his conviction violated the tenets of *Graham v. Florida*, 560 U.S. 48 (2010), which prohibited a sentence of life imprisonment without parole on a juvenile offender who did not commit homicide, because Allen was not a juvenile.

On January 25, 2016, Allen filed this federal habeas corpus petition, alleging the following claims for relief:

    1. He was denied the effective assistance of counsel in the plea bargaining process;

---

[2]A superseding opinion, in which neither the result nor the reasoning was changed, was issued by the Supreme Court of Arkansas on February 18, 2016. *Allen v. Kelley*, 2016 Ark. 70, 482 S.W.3d 719 (2016).

2.  He was denied the effective assistance of counsel in the plea bargaining process when his attorney informed him of incorrect legal rules and facts;

3.   He was denied effective assistance of counsel when his attorney offered poor advice during his third trial after the prosecution offered a plea deal for a thirty year sentence;

4.  He was denied equal protection when a new ruling of constitutional law announced in *Graham v. Florida, supra*, was made retroactive to his case;

5.  His right to be free from cruel and unusual punishment was violated, again citing *Graham v. Florida*;

6.  Children, adults, and juveniles are protected by the equal protection clause of the 14th Amendment, again citing *Graham v. Florida*;

7.  He was denied effective assistance of counsel at the penalty phase due to his attorney's failure to investigate and present evidence of Allen's background and medical/mental history;

8.  He was denied an impartial jury by the defense counsel's use of peremptory challenges to exclude whites from the jury and by the prosecution's use of peremptory challenges to exclude blacks from the jury; and

9.   The trial court denied him due process by excluding a juror in violation of the Witherspoon doctrine.

Kelley contends that the statute of limitations bars consideration of these claims.  By previous order of the Court, Allen was notified of his opportunity to explain why his petition should not be dismissed as untimely.  Allen responded to the Court's Order.  See Doc. No. 8.  He claims that he was denied state postconviction relief under Rule 37 because it was untimely, and that he had no other means to assert his claims other than by the filing of his state habeas petition in March 2015.  He claims that "his attemp (*sic*) to file Ark. Crim. Rule Proc. 37.1 has so been utilized as an unfair (stated created) external impediment to this Petitioner raising his claims that is a substantial in nature claim toward his ineffective assistance had from his trial counsel."  Doc. No. 8, page 2.  Allen states that he attempted to follow state court procedures, but that he was not afforded counsel

to file his Rule 37.1 petition.  He had to rely on assistance from a fellow inmate, and his Rule 37.1 petition was untimely.  *Id.*, pages 7-8.

**Statute of Limitations:**  Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

For petitioners such as Allen, who were convicted prior to the enactment of the limitations period, the one year limitations period for filing a timely habeas corpus petition began to run from the statute's enactment date of April 24, 1996.  *Wood v. Milyard*, 132 S.Ct. 1826 (2012).  Thus, to be timely filed, Allen's federal habeas petition must have been filed on or before April 24, 1997.  The petition was filed more than eighteen years after the limitations period began to run.  Thus, Kelley argues that Allen's failure to act sooner is fatal to the petition.

The Court interprets Allen's pleading filed in response to its Order of March 30, 2016, to assert that the limitations  period should be equitably tolled because of a state created impediment preventing him from filing sooner. This impediment, according to Allen, resulted from not being provided an attorney to pursue Rule 37 relief in state court, causing him to rely on a fellow inmate

who filed an untimely Rule 37 petition. Allen argues his only means to assert his claims were through the filing of his March, 2015 state court petition for a writ of habeas corpus. *See* Doc. No. 8, pages 1, 2, and 8.

The failure to file a timely habeas petition can be excused under some circumstances:

> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002). Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted).*

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

To the extent Allen claims that the denial of Rule 37 counsel was an external impediment, such an impediment would have related only to whether he timely filed a Rule 37 petition in state court following his direct appeal in 1983.[3] Put another way, even if Allen could prove he was impeded following his direct appeal in 1983 because he did not have appointed counsel, he fails to demonstrate how or why such an impediment in 1983 prevented him from filing a federal habeas corpus petition before April 24, 1997, when the limitations period expired. The limitations period was not tolled by the alleged impediment erected by the state court's failure to provide Rule 37 counsel.

Allen also claims his March 2015 filing of a state court petition for writ of habeas corpus cures his tardy filing of this federal petition. However, the federal limitations period had long since expired before Allen filed this state court pleading. Therefore, even if we assume that this state court filing was a "properly filed" petition as defined by 28 U.S.C. § 2244(2), "there was no federal limitations period remaining to toll." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001).

---

[3]The Court does not make a finding that Allen was entitled to appointment of counsel for the purpose of seeking Rule 37 relief in state court. The Court recognizes that an ADC inmate is not constitutionally entitled to counsel in post-conviction proceedings absent a substantial showing that the defendant is entitled to relief and could not proceed without counsel. *See, e.g., Howard v. Lockhart*, 300 Ark. 144, 777 S.W.2d 223 (1989); *Virgin v. Lockhart*, 288 Ark. 92, 702 S.W.2d 9 (1986). It is unclear whether Allen sought appointment of counsel or if so, whether he made such a showing.

Finally, Allen contends he was under duress when he chose to reject a 30 year plea offer and go to trial because his attorney was optimistic about the chances of acquittal. According to Allen, if this Court were to conduct a hearing, he would offer medical evidence to show he was unable to make rational decisions at the time of his trial and the doctor who testified to Allen's competence was incorrect in his assessment of Allen's mental state. See Doc. No. 8, page 2. Habeas corpus proceedings are not an avenue to re-litigate issues which were decided during state criminal trials, such as the competence of an accused. Evidentiary hearings are not available for the purpose of discovery. Instead, the petitioner must meet strict requirements to receive a hearing. In the context of proving Allen's competence, he is not entitled to an evidentiary hearing unless he shows: (1) the factual predicate for his claim could not have been previously discovered through the exercise of due diligence; and (2) the facts underlying his claim would show by clear and convincing evidence that, but for the constitutional error, no reasonable fact finder would have found him guilty of the charges. 28 U.S.C. § 2254(e)(2).

Allen falls far short of demonstrating an evidentiary hearing is warranted. The passage of time works against this allegation. In addition, the circumstances of his trial suggest his claim of incompetence and undue duress from his attorney are lacking. Allen was no longer a novice to litigation when convicted, as he had previously been tried twice for these crimes – the first trial resulted in convictions, reversed on appeal, and the second trial ended with a deadlocked jury. Thus, there was ample opportunity to raise any argument regarding Allen's competency. Further, having endured two previous trials, Allen was well positioned to view realistically the optimism of his attorney about getting an acquittal. Allen fails to demonstrate he is entitled to an evidentiary hearing under the statutory requirements, and he fails to show the circumstances surrounding his rejection of the plea agreement amounted to an external impediment which would toll the running of the limitations period.

In summary, this federal petition was untimely filed by almost 19 years. Allen has failed to identify any extraordinary circumstances beyond his control that made it impossible to file a federal

habeas petition before April 24, 1997, when the limitations period expired.  He has failed to assert or show any action of the defendant that caused him to be late in filing this petition.  Similarly, Allen has not identified any circumstances, external to himself and not attributable to his actions, that caused a delay in filing.  Simply put, Allen has not forwarded any factors outside of his control which made it impossible for him to file a timely federal habeas petition.   There is no basis for tolling this limitations period under either the terms of the statute or under the doctrine of equitable tolling.  As a result, we recommend the petition be dismissed as untimely.[4]

**The various claims invoking *Graham v. Florida*, 560 U.S. 48 (2010):** Allen alleges in three separate claims (claims 4, 5, and 6) that he is entitled to relief based upon *Graham v. Florida*, *supra*. The *Graham* Court found the Eighth Amendment of the U.S. Constitution prohibits the imposition of the sentence of life imprisonment without parole (the sentence received by Allen) on a juvenile offender who did not commit homicide.  While Graham, like Allen,[5] committed robbery with a weapon, Graham was 17 years old when he committed his crimes and Allen was 21 years old.[6] While conceding that he was not a juvenile, Allen claims *Graham* applies to him because he was immature for his age and acted as if he were 14 or 15 years old at the time.  *Graham*, however, applies to individuals who were juveniles, or under the age of 18, not to those who behaved as if they were juveniles.  The Supreme Court of Arkansas, in its opinion denying Allen's motion to file a belated brief in his state habeas corpus proceeding, concurs with our findings that Allen was not a juvenile at the relevant time and that *Graham* is inapplicable.  *Allen v. Kelley*, 2016 Ark. 70.  The

---

[4]Kelley also seeks dismissal due to Allen's procedural default of his claims, or his failure to first pursue them in state court.  We need not and do not address the procedural default argument except to note that the state of the law in this area is unsettled.  *See Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1913 (2013).

[5]Allen and an accomplice robbed a convenience store on October 20, 1981.  Allen shot the attendant in the chest, in the arm, and twice in the back.  *See Allen v. State*, 277 Ark. 380 (Ark. 1982).

[6]The Arkansas Department of Correction lists Allen's date of birth as June 30, 1959, which would have made him 22 when the crimes were committed in October 1981.  Regardless, it is clear that he was not a juvenile when the crimes were committed.  Http://adc.arkansas.gov.

7

state court factual finding that Allen was not a juvenile is presumed correct, and Allen does not attempt to rebut this presumption.  28 U.S.C. § 2254(e)(1).  Simply put, Allen is not entitled to any relief under *Graham* as it explicitly does not apply to him.

Additionally, even if *Graham* was applicable, Allen's petition would still be time-barred. The one year statute of limitations for filing a federal habeas petition begins to run the date on which a constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  The *Graham* decision was handed down in 2010.  Allen's petition was filed in 2016, years after any newly recognized right was recognized by the Supreme Court.

**Conclusion:** For the foregoing reasons, we recommend the petition for writ of habeas corpus be dismissed and the relief requested be denied because the petition is time-barred.  In addition, even if not time-barred, there is no merit to the claims based upon *Graham v. Florida*, 560 U.S. 48 (2010).

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this 7th day of July, 2016.

_____
UNITED STATES MAGISTRATE JUDGE